

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. T. McMillin
Deputy Banking Commissioner
Department of Banking
Austin, Texas

Dear Mr. McMillin:

Opinion No. O-3004

Re: Power of the Banking Board
to rescind its resolution
granting the charter to a
State bank under facts
stated.

We beg to acknowledge receipt of your letter
of January 10, 1941, submitting the following for an
opinion:

"On the 17th day of September, 1940, a
number of individuals filed application with
me as Banking Commissioner, requesting the
granting of a bank charter under the name
of The Broadway Bank, Alamo Heights, Texas.
The fees in connection with this application
were paid and an investigation was made by me
as Banking Commissioner. After making this
investigation, I made a report to the Bank-
ing Board and on the 6th day of November,
1940, the Banking Board, pursuant to this
application, passed a resolution purporting
to grant the charter as applied for. How-
ever, no copy of the charter was ever deliv-
ered to the bank or its incorporators and no
Certificate of Authority was ever issued or
delivered. I am advised that the bank never
opened for business and incurred no liabili-
ties except those listed in the attached affi-
davit, which liabilities have been released
as shown by the attached letter signed by the
creditors named.

"The stockholders of the bank have unani-
mously agreed not to accept the charter as

granted and have requested that the resolution of the Banking Board be rescinded.

"It is the purpose of the incorporators to apply for a bank charter under the National Banking Act and it is their desire, if possible, to avoid liquidating proceedings as provided for under Articles 539 and 540.

"In view of the above facts, please advise me whether or not it is within the legal authority of the Banking Board to rescind its resolution granting such charter, and thereby revoke such charter and enable the incorporators to recover the capital paid in by them under the application for charter."

It is our opinion that the Banking Board does have the authority to rescind its action in authorizing the charter for the Broadway Bank, Alamo Heights, Texas, under the facts stated by you.

Ordinarily, the official action of an executive or administrative officer or board of the State may be modified or even rescinded by such functionary, in the absence of some vested right having attached by reason of such act. It is only where rights of private parties have become vested that such agencies or successors in office are forbidden to revoke such action. Laidlaw Bros. v. Marrs, 273 S. W. 789. The executed instruments referred to by you as being attached are not attached; however, we are assuming the facts to be as stated by you.

APPROVED JAN 22, 1941                    Very truly yours

                                         ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT                          By
.ATTORNEY GENERAL
                                         Ocie Speer
                                         Assistant

OS-MR